UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: JACK BLAIR LONG<br>NANCY MARTHA LONG<br><br>Debtors. | Case No. 10-23438 ABC<br><br>Chapter 13 |
| JACK BLAIR LONG and<br>NANCY MARTHA LONG,<br><br>Debtors/Movants,<br><br>v.<br><br>NEIL P. MOVITZ,<br><br>Respondent. | |

**VERIFIED MOTION TO DETERMINE SECURED STATUS
PURSUANT TO 11 U.S.C. § 506**

COME NOW Jack Blair Long and Nancy Martha Long, by and through their counsel Bell, Gould & Scott, P.C., and submit their Motion to Determine Secured Status Pursuant to 11 U.S.C. § 506 as follows:

1. On May 28, 2010, Debtors filed a Petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado.

2. An Order for Relief was duly entered by the Court under the provisions of Chapter 13 of the Bankruptcy Code upon the filing of the petition. Accordingly, an automatic stay was invoked pursuant to Section 362(a) of the Bankruptcy Code.

3. The Debtors/Movants reside in real property located at 4000 North Overland Trail, Laporte, Colorado (the "Residence").

4. Respondent Neil P. Movitz holds a second deed of trust on the Residence. The alleged debt to Respondent secured by a second deed of trust has a principal balance of $18,670.00. *See Ownership and Encumbrance Report*, attached hereto as "Exhibit A."

5. Creditor JP Morgan Chase holds a first mortgage on the Residence with a current balance

of $551,000.00 as seen in the most recent statement to the Debtors. *See* Larimer County Public Trustee foreclosure statement, attached hereto as "Exhibit B[1]."

6. The Residence is agricultural acreage in Laporte, Colorado with a home in which Debtors reside and several other buildings.

7. A market analysis was performed by Scott McIntosh, a licensed realtor with The Group, Inc. in Fort Collins, Colorado. The market analysis performed on April 20, 2010 indicates that the value of the Residence is currently in the range of $350,000.00 to $500,000.00. *See Market Analysis,* attached hereto as "Exhibit C."

8. The value of the Residence is less than the balance owed on the first mortgage held by JP Morgan Chase against the Residence.

9. The second mortgage held by the Respondent Neil P. Movitz is inferior to the mortgage held by JP Morgan Chase.

10. Therefore, Respondent's lien is wholly unsecured and is not an allowable secured claim pursuant to Section 506 of the Bankruptcy Code. According to the holding in *In re Griffey*, 335 B.R. 166, 170 (10th Cir. BAP (Colo.) 2005), the prohibition of modification of creditor's rights under Section 1322 of the Bankruptcy Code does not apply to a junior lien holder whose lien is wholly unsecured by any equity in the debtor's primary residence.

11. Any timely filed claim of the Respondent for the second mortgage loan is allowable only as an unsecured claim and, to the extent that no such claim was filed, the Respondent has no claim against this estate.

WHEREFORE, the Movants respectfully request that the Court enter the following orders:

1. That this Court determine that the Respondent has no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtors;

2. That this Court order the Respondent to cancel the second mortgage lien on the real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery; and

---

[1] Debtors' counsel has attempted to obtain accurate and updated payoff numbers from JP Morgan/Chase, but has been unable to obtain any documented statement from Chase as Debtors have been in the process of seeking a loan modification for over 18 months and have not received statements from Chase since that process was started. However, Debtors have made only three months of trial payments in that time, so it is clear that the mortgage payoff is not less than the outstanding principal balance provided by the Public Trustee as interest, costs, and attorneys' fees have continued to accrue and will most certainly be included in Chase's proof of claim in this case.

3. That this Court direct the Trustee that any timely filed proof of claim of the Respondent for the second mortgage lien be treated as an unsecured claim under the plan.

Dated this 11th day of June, 2010.

BELL, GOULD & SCOTT, P.C.

By: /s/ Laurie R. Stirman
Laurie R. Stirman, #39393
322 East Oak Street
Fort Collins, CO 80524
(970) 493-8999
Fax: (970) 224-9188
Attorney for Debtors/Movants

# VERIFICATION

STATE OF COLORADO    )
                     )    ss
COUNTY OF LARIMER    )

I, Jack Blair Long, hereby verify that I have read the above and foregoing Verified Motion to Determine Secured Status and that the claims therein are true and correct to the best of my knowledge, information and belief.

_____
Jack Blair Long

Subscribed and sworn to before me this 11th day of June, 2010, by Jack Blair Long.

_____
Notary Public
My commission expires: 3/24/2012



STATE OF COLORADO    )
                     )    ss
COUNTY OF LARIMER    )

I, Nancy Martha Long, hereby verify that I have read the above and foregoing Verified Motion to Determine Secured Status and that the claims therein are true and correct to the best of my knowledge, information and belief.

_____
Nancy Martha Long

Subscribed and sworn to before me this 11th day of June 2010, by Nancy Martha Long.

_____
Notary Public
My commission expires: 3/24/2012